**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 18a0022n.06**

**No. 17-3772**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| LINDA RUFFIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CUYAHOGA COUNTY, OHIO, et al., | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendants-Appellees. | ) | |
| | ) | |

**FILED**
Jan 10, 2018
DEBORAH S. HUNT, Clerk

BEFORE: SUHRHEINRICH, GRIFFIN, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

As an inmate at the Cuyahoga County Corrections Center, Robert Sharp died from a heroin overdose. His mother brought suit under 42 U.S.C. § 1983 and state law. The district court granted defendants' motions for summary judgment, finding that they were entitled to judgment as a matter of law. We affirm.

I.

Sharp was sent from his jail cell to the medical dispensary after another inmate accused him of "keistering" heroin: hiding it in his own anal cavity. After learning that he would be X-rayed, Sharp denied having drugs. Staff took the X-rays anyway, but found nothing abnormal. Registered Nurse Marcus Harris then administered a laxative. When receiving the medicine, Sharp again denied having drugs.

Sharp was eventually cleared to leave the dispensary. Sergeant William Brewer then placed Sharp in "administrative detention pending investigation," which meant Sharp was housed in a single-person cell that, once every ten minutes, a corrections officers observed for five to ten seconds.

The officer assigned to monitor Sharp's cell, Zackary Anderson, spoke with Sharp that evening. Sharp claimed to be there because of false allegations; he never told Anderson of the keistering accusation. Throughout the rest of the night, Sharp neither called for Anderson nor requested aid.

Early the next morning, Anderson entered Sharp's cell to deliver breakfast. Sharp was unresponsive, had no pulse, and—despite resuscitative efforts—was pronounced dead about an hour later. An autopsy revealed that, rather than keistering heroin, Sharp had swallowed a baggie of it, and had died from an overdose.

Sharp's mother, Linda Ruffin, sued Cuyahoga County, The MetroHealth System (a county hospital that provided medical services to Sharp), Dr. Thomas Tallman (the dispensary's medical director), Harris, Elizabeth Kempe (the nurse who ordered the X-rays), and Anderson. Against them, Ruffin asserted a § 1983 claim and several Ohio tort claims.

Defendants moved for summary judgment. The district court granted the motions, finding that the individual defendants were entitled to qualified immunity on the § 1983 claim, that the municipality defendants were entitled to summary judgment on the § 1983 claim, and that all defendants were entitled to statutory immunity on the state-law claims. Ruffin timely appealed.

II.

Ruffin challenges the district court's entry of judgment (1) in favor of all defendants on the § 1983 claim and (2) in favor of Harris on the state-law claims against him.

A.

Ruffin's § 1983 claim functions as a deliberate-indifference claim against the individual defendants, and as a failure-to-train claim against the municipality defendants. We review the district court's summary-judgment grant de novo. *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). The individual defendants are entitled to qualified immunity if (1) they did not violate any of Sharp's constitutional rights or (2) the violated rights, if any, were not "clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). When defendants raise this defense, the plaintiff must prove defendants are not entitled to it. *Kennedy v. City of Cincinnati*, 595 F.3d 327, 336 (6th Cir. 2010).

The second prong resolves this case. To meet her burden, Ruffin must identify a case with facts so similar that the individual defendants would have had a clear warning of what the law requires. *White v. Pauly*, 137 S. Ct. 548, 552 (2017). But she does not even attempt to do so. Instead, she outlines the qualified-immunity standard—including the second prong—and contests the district court's factual characterizations, but then stops. She neither mentions the second prong again nor cites a single case we could infer to be a case that she argues clearly established an allegedly violated right. Ruffin has failed to meet her burden; the district court correctly granted summary judgment in the individual defendants' favor.

The municipality defendants are entitled to summary judgment for the same reason. Ruffin must show that their alleged failures to train amounted to "deliberate indifference." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). But the municipal defendants cannot be

*deliberately* indifferent to a right that has yet to be clearly established. *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 994 (6th Cir. 2017). So Ruffin's failure to identify a clearly established right "spells the end of [her failure-to-train] claim." *Id*. at 995.

## B.

To hold Harris liable under Ohio law, Ruffin must overcome Ohio's statutory immunity provision, Ohio Rev. Code § 2744.03(A)(6)(b), which protects public officials unless they act with malicious purpose, in bad faith, or in a wanton and reckless manner. Ruffin argues that Harris so acted by sending Sharp to the single-person cell. But Ruffin's argument is perfunctory and underdeveloped: she neither explains how Harris's alleged conduct falls under an immunity exception nor provides legal support for her position. A party may not present a skeletal argument, leaving the court to put flesh on its bones. *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016). Thus we consider this argument abandoned. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014).

Even had Ruffin provided more than cursory assertions of inappropriate conduct, she cannot show that Ohio's statutory-immunity protection falls short of covering Harris because it was apparently Sergeant Brewer—not Harris—who sent Sharp to the single-person cell. Ruffin cannot hold Harris liable for something someone else did.

## III.

For these reasons, we affirm the district court's judgment.